**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

|  |  |
|---|---|
| GERMAN ARMIJOS, ALEXANDER GONZALEZ, ADALBERTO PEREZ, GIOVANNY MANOSALVA, FRANCISCO PINEDA, RAFAEL LOPEZ, OMAR DEL RAZO, LUIS CARAIZACA, and PATRICIO TOALONGO | COMPLAINT<br><br>ECF CASE |
| Plaintiffs, | FLSA COLLECTIVE ACTION |
| -against- |  |
| SENATOR CONSTRUCTION GROUP, INC., HAROON CONTRACTING INC., and SENATOR CONSTRUCTION CORPORATION, d/b/a HAROON CONTRACTING INC. and SENATOR CONSTRUCTION GROUP INC. and ATIQ REHMAN and MUHAMMAD USMAN, individually, |  |
| Defendants. |  |

-------------------------------------------------------------------------------X

Plaintiffs German Armijos, Alexander Gonzalez, Adalberto Perez, Giovanny Manosalva, Francisco Pineda, Rafael Lopez, Omar del Razo, Luis Caraizaca, and Patricio Toalongo, (collectively referred to herein as "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorney, The Law Offices of Jacob Aronauer, complaining of Senator Construction Group Inc., Haroon Contracting Inc. and Senator Construction Corporation, d/b/a Haroon Contracting Inc. and Senator Construction Group Inc. and Atiq Rehman and Muhammad Usman, individually (collectively "Defendants"), allege the following:

## PRELIMINARY STATEMENT

1. This is an action brought by Plaintiffs and all other similarly situated construction workers to recover unpaid overtime compensation and other earned wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs and the collective class work or have worked as construction workers at Senator Construction Group Inc. (also known as Haroon Contracting Inc. and/ Senator Construction Corporation), with locations in Manhattan, Brooklyn, and Staten Island.

2. Plaintiffs also bring this action to remedy violations of the retaliatory provisions of the FLSA and NYLL by Defendants who have sought to deprive Plaintiffs of their right to engage in protected activity under the FLSA and NYLL through Plaintiffs' unlawful termination after complaining of non-payment of earned wages.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

4. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiffs**

**German Armijos**

6. Plaintiff Armijos is an individual who resides in Brooklyn, New York.

7.  Plaintiff Armijos worked at Senator Construction Group Inc. from December 15, 2015 until March 24, 2018 as a construction worker.

8.  Plaintiff Armijos was a covered employee within the meaning of the FLSA and the NYLL.

**Alexander Gonzalez**

9.  Plaintiff Gonzalez is an adult individual who resides in New York, New York.

10. Plaintiff Gonzalez worked at Senator Construction Group Inc. from April 2017 until March 24, 2018 as a construction worker.

11. Plaintiff Gonzalez is a covered employee within the meaning of the FLSA and the NYLL.

**Adalberto Perez**

12. Plaintiff Perez is an adult individual who resides in Queens, New York.

13. Plaintiff Perez worked at Senator Construction Group Inc. from February 2, 2015 until March 24, 2018 as a construction worker.

14. Plaintiff Perez is a covered employee within the meaning of the FLSA and the NYLL.

**Giovanny Manosalva**

15. Plaintiff Manosalva is an adult individual who resides in the Bronx, New York.

16. Plaintiff Manosalva worked at Senator Construction Group Inc. from March 2015 until March 24, 2018 as a construction worker.

17. Plaintiff Manosalva is a covered employee within the meaning of the FLSA and the NYLL.

**Francisco Pineda**

18. Plaintiff Pineda is an adult individual who resides in New York, New York.

19. Plaintiff Pineda worked at Senator Construction Group Inc. from October 21, 2016 until March 24, 2018 as a construction worker.

20. Plaintiff Pineda was a covered employee within the meaning of the FLSA and the NYLL.

**Rafael Lopez**

21. Plaintiff Lopez is an adult individual who resides in Corona, New York.

22. Plaintiff Lopez worked at Senator Construction Group Inc. from July 6, 2016 until March 24, 2018 as a construction worker.

23. Plaintiff Lopez is a covered employee within the meaning of the FLSA and the NYLL.

**Omar del Razo**

24. Plaintiff Del Razo is an adult individual who resides in Queens, New York.

25. Plaintiff Del Razo worked at Senator Construction Group Inc. from April 2017 until March 24, 2018 as a construction worker.

26. Plaintiff Del Razo was a covered employee within the meaning of the FLSA and the NYLL.

**Luis Caraizaca**

27. Plaintiff Caraizaca is an adult individual who resides in New York, New York.

28. Plaintiff Caraizaca worked at Senator Construction Group Inc. from June 2015 until March 24, 2018 as a construction worker.

29. Plaintiff Caraizaca is a covered employee within the meaning of the FLSA and the NYLL.

**Patricio Toalongo**

30. Plaintiff Toalongo is an adult individual who resides in New York, New York.

31. Plaintiff Toalongo worked at Senator Construction Group Inc. from October 27, 2016 until March 24, 2018.

32. Plaintiff Toalongo is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

33. Defendant Senator Construction Group Inc., also doing business as Haroon Contracting Inc. and Senator Construction Corporation, is upon information and belief, a New York Corporation with its principal business addresses located in New York County and Kings County.   Upon information and belief, Senator Construction Group Inc. is engaged in interstate commerce, and generates annual revenues in excess of $500,000 per year for each year relevant to Plaintiffs' claims.

34. Defendant Senator Construction Group Inc. is listed on the NY State Department of State website as a corporate entity in existence since 2006, with its principal address located in Kings County at 1639 Hendrickson St., Brooklyn, NY 11234.

35. At the time of its initial incorporation, Defendant Senator Construction Group Inc. was initially named Haroon Contracting Inc.; Defendant Haroon Contracting Inc. changed its name with the NY State Department of State in 2015.

36. Upon information and belief, Defendant Senator Construction Group Inc. is physically located in New York County, at 247 W. 35th St., Suite 401, New York, NY 10001.

37. Defendant Senator Construction Corporation is listed on the NY State Department of State website as a corporate entity in existence since 2016, with its principal address located in New York County at 247 W. 35th St., Suite 401, New York, NY 10001.

38. Upon information and belief, Defendant Atiq Rehman is the president and CEO of all of the Defendant corporate entities: Senator Construction Group, Inc., Haroon Contracting Inc. and Senator Construction Corporation.

39. Defendant Rehman is sued individually and in his capacity as an officer of Senator Construction Group, Inc., Haroon Contracting Inc. and Senator Construction Corporation.  Defendant Rehman exercised sufficient control over these corporate entities to be considered the Plaintiffs' employer under the FLSA and NYLL, and at all times material hereto said Defendant Rehman had the authority to hire and fire employees and establish and maintain policies regarding the pay practices at Senator Construction Group, Inc., Haroon Contracting Inc. and Senator Construction Corporation.  Defendants jointly employed Plaintiffs and similarly situated employees at all times relevant.

40. Defendant Muhammad Usman is listed on the NY State Department of State website as the person associated with Senator Construction Corporation's business address.

41. Upon information and belief, Defendant Muhammad Usman is the vice president of all of the Defendant corporate entities: Senator Construction Group, Inc., Haroon Contracting Inc. and Senator Construction Corporation.

42. Defendant Usman is sued individually and in his capacity as an officer of Senator Construction Group, Inc., Haroon Contracting Inc. and Senator Construction Corporation.  Defendant Usman exercised sufficient control over these corporate entities to be considered the Plaintiffs' employer under the FLSA and NYLL, and at all times material hereto said Defendant Usman had the authority to hire and fire employees and establish and maintain policies regarding the pay practices at Senator

Construction Group, Inc., Haroon Contracting Inc. and Senator Construction Corporation. Defendants jointly employed Plaintiffs and similarly situated employees at all times relevant.

43. Each Defendant has had substantial control over Plaintiffs' and similarly situated employees' working conditions and practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

44. The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and other similarly situated persons (construction workers) who are current or former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA collective").

45. The FLSA collective consists of approximately twenty (20) similarly situated current and former construction workers at Senator Construction Group, Inc., Haroon Contracting Inc. and Senator Construction Corporation who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime wages.

46. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and the FLSA collective by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

   a) failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

   b) failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

47. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiffs and the FLSA collective.

48. The FLSA collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. These similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

49. The position of construction worker is not exempt and has never been exempt. Construction workers, though, are not paid overtime for all hours worked in excess of forty (40) hours per week.

50. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

51. Defendants failed to compensate Plaintiffs and members of the FLSA collective at one and one-half times the employees' wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

52. Plaintiffs and members of the FLSA collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular payday designated by the

employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

53. Defendants paid Plaintiffs and members of the FLSA collective wages without any accompanying statement listing; the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

### FACTS

**Senator Construction Group Inc.**

54. Upon information and belief Senator Construction Group Inc. is a construction company with its primary offices located in Manhattan, New York and Brooklyn, New York.

55. Upon information and belief, Senator Construction Group Inc. has in the past/continues to do business under the names Haroon Contracting Inc. and Senator Construction Corporation.

56. Senator Construction Group Inc. was first established in 2006 under the name Haroon Contracting Inc.

57. Upon information and belief, Atiq Rehman is president and CEO of Senator Construction Inc. and all related corporate entities.

58. Upon information and belief, Muhammad Usman is vice president of Senator Construction Inc. and all related corporate entities.

**Plaintiffs' Employment**
**at Senator Construction Inc.**

59. Plaintiffs were employed by Defendants as construction workers.

60. Plaintiffs were regularly scheduled to work more than 40 hours per week.

61. Throughout their employment with Defendants, even though Plaintiffs were not exempt, Plaintiffs were not paid overtime in compliance with the FLSA and NYLL.

62. Defendants did not notify Plaintiffs, either in the form of posted notices or other means, regarding legal wages as required under the FLSA and NYLL.

63. Defendants did not provide Plaintiffs with wage statements containing accurate information about his hourly rate, overtime rate, and the number of regular and overtime hours worked per week, as required by NYLL § 195(3).

64. Defendants did not give any notice to Plaintiffs of their regular and overtime rates of pay, or other such information, as required by NYLL § 195(1).

65. Moreover, Plaintiffs were not paid on a regular schedule. Plaintiffs were often paid tardily; Defendants' checks also frequently bounced.

66. Plaintiffs were not paid anything for their last three weeks of work.

**Plaintiffs Complain of Defendants' Failure to**
**Pay Earned Wages and Defendants' Subsequent Retaliation**

67. Plaintiffs failed to receive payment for their hours worked during the month of March in 2018.

68. On March 24, 2018, Plaintiffs complained to their supervisor that they had not been paid for any of the work they had performed that month.

69. After lodging their complaint, Plaintiffs were immediately fired in retaliation for demanding that Defendants pay their wages.

## INDIVIDUAL ALLEGATIONS

70. Defendants, consistent with their policies and practices as described herein, harmed Plaintiffs individually as follows:

**German Armijos**

71. Plaintiff Armijos was employed by Defendants as a construction worker from December 15, 2015 through March 24, 2018, without interruption.

72. Throughout his employment, Plaintiff Armijos worked six days per week, from 7:00 a.m. to 3:30 p.m. each day, for a total of 48 hours per week.

73. Plaintiff Armijos received one 30 minute break per day.

74. Plaintiff Armijos was paid $27 per hour for all hours worked.

75. Defendants did not pay Plaintiff Armijos the proper overtime wages for all of the time that he worked each workweek.

76. Defendants were required to pay Plaintiff Armijos at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek.

77. Defendants have failed to compensate Plaintiff Armijos at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek, as required by the FLSA and NYLL.

78. Defendants have failed to compensate Plaintiff Armijos for his earned wages for his last three weeks of work.

79. Defendants failed to furnish Plaintiff Armijos with accurate statements of wages, hours worked, rates paid and gross wages.

**Alexander Gonzalez**

80. Plaintiff Gonzalez was employed by Defendants as a construction worker from April 2017 through March 24, 2018, without interruption.

81. Throughout his employment, Plaintiff Gonzalez worked six days per week, from 7:00 a.m. to 3:30 p.m. each day, for a total of 48 hours per week.

82. Plaintiff Gonzalez received one 30 minute break per day.

83. Plaintiff Gonzalez was paid $25 per hour for all hours worked.

84. Defendants did not pay Plaintiff Gonzalez the proper overtime wages for all of the time that he worked each workweek.

85. Defendants were required to pay Plaintiff Gonzalez at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek.

86. Defendants have failed to compensate Plaintiff Gonzalez at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek, as required by the FLSA and NYLL.

87. Defendants have failed to compensate Plaintiff Gonzalez for his earned wages for his last three weeks of work.

88. Defendants failed to furnish Plaintiff Gonzalez with accurate statements of wages, hours worked, rates paid and gross wages.

**Adalberto Perez**

89. Plaintiff Perez was employed by Defendants as a construction worker from February 2, 2015 through March 24, 2018, without interruption.

90. Throughout his employment, Plaintiff Perez worked six days per week, from 7:00 a.m. to 3:30 p.m. each day, for a total of 48 hours per week.

91. Plaintiff Perez received one 30 minute break per day.

92. Plaintiff Perez was paid $17.50 per hour for all hours worked.

93. Defendants did not pay Plaintiff Perez the proper overtime wages for all of the time that he worked each workweek.

94. Defendants were required to pay Plaintiff Perez at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek.

95. Defendants have failed to compensate Plaintiff Perez at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek, as required by the FLSA and NYLL.

96. Defendants have failed to compensate Plaintiff Perez for his earned wages for his last three weeks of work.

97. Defendants failed to furnish Plaintiff Perez with accurate statements of wages, hours worked, rates paid and gross wages.

**Giovanny Manosalva**

98. Plaintiff Manosalva was employed by Defendants as a construction worker from March 2015 through March 24, 2018, without interruption.

99. Throughout his employment, Plaintiff Manosalva worked six days per week, from 7:00 a.m. to 3:30 p.m. each day, for a total of 48 hours per week.

100. Plaintiff Manosalva received one 30 minute break per day.

101. Plaintiff Manosalva was paid $690 per month for all hours worked.

102. Defendants did not pay Plaintiff Manosalva the proper overtime wages for all of the time that he worked each workweek.

103.     Defendants were required to pay Plaintiff Manosalva at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek.

104.     Defendants have failed to compensate Plaintiff Manosalva at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek, as required by the FLSA and NYLL.

105.     Defendants have failed to compensate Plaintiff Manosalva for his earned wages for his last three weeks of work.

106.     Defendants failed to furnish Plaintiff Manosalva with accurate statements of wages, hours worked, rates paid and gross wages.

**Francisco Pineda**

107.     Plaintiff Pineda was employed by Defendants as a construction worker from October 21, 2016 through March 24, 2018, without interruption.

108.     Throughout his employment, Plaintiff Pineda worked six days per week, from 7:00 a.m. to 3:30 p.m. each day, for a total of 48 hours per week.

109.     Plaintiff Pineda received one 30 minute break per day.

110.     Plaintiff Pineda was paid $18 per hour for all hours worked.

111.     Defendants did not pay Plaintiff Pineda the proper overtime wages for all of the time that he worked each workweek.

112.     Defendants were required to pay Plaintiff Pineda at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek.

113.     Defendants have failed to compensate Plaintiff Pineda at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek, as required by the FLSA and NYLL.

114.     Defendants have failed to compensate Plaintiff Pineda for his earned wages for his last three weeks of work.

115.     Defendants failed to furnish Plaintiff Pineda with accurate statements of wages, hours worked, rates paid and gross wages.

**Rafael Lopez**

116.     Plaintiff Lopez was employed by Defendants as a construction worker from July 6, 2016 through March 24, 2018, without interruption.

117.     Throughout his employment, Plaintiff Lopez worked six days per week, from 7:00 a.m. to 3:30 p.m. each day, for a total of 48 hours per week.

118.     Plaintiff Lopez received one 30 minute break per day.

119.     Plaintiff Lopez was paid $18 per hour for all hours worked.

120.     Defendants did not pay Plaintiff Lopez the proper overtime wages for all of the time that he worked each workweek.

121.     Defendants were required to pay Plaintiff Lopez at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek.

122.     Defendants have failed to compensate Plaintiff Lopez at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek, as required by the FLSA and NYLL.

123.     Defendants have failed to compensate Plaintiff Lopez for his earned wages for his last three weeks of work.

124.     Defendants failed to furnish Plaintiff Lopez with accurate statements of wages, hours worked, rates paid and gross wages.

**Omar del Razo**

125.     Plaintiff Del Razo was employed by Defendants as a construction worker from April 2017 through March 24, 2018, without interruption.

126.     Throughout his employment, Plaintiff Del Razo worked six days per week, from 7:00 a.m. to 3:30 p.m. each day, for a total of 48 hours per week.

127.     Plaintiff Del Razo received one 30 minute break per day.

128.     Plaintiff Del Razo was paid $32 per hour for all hours worked.

129.     Defendants did not pay Plaintiff Del Razo the proper overtime wages for all of the time that he worked each workweek.

130.     Defendants were required to pay Plaintiff Del Razo at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek.

131.     Defendants have failed to compensate Plaintiff Del Razo at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek, as required by the FLSA and NYLL.

132.     Defendants have failed to compensate Plaintiff Del Razo for his earned wages for his last three weeks of work.

133.     Defendants failed to furnish Plaintiff Del Razo with accurate statements of wages, hours worked, rates paid and gross wages.

**Luis Caraizaca**

134.     Plaintiff Caraizaca was employed by Defendants as a construction worker from June 2015 through March 24, 2018, without interruption.

135.     Throughout his employment, Plaintiff Caraizaca worked six days per week, from 7:00 a.m. to 3:30 p.m. each day, for a total of 48 hours per week.

136.   Plaintiff Caraizaca received one 30 minute break per day.

137.   Plaintiff Caraizaca was paid $32 per hour for all hours worked.

138.   Defendants did not pay Plaintiff Caraizaca the proper overtime wages for all of the time that he worked each workweek.

139.   Defendants were required to pay Plaintiff Caraizaca at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek.

140.   Defendants have failed to compensate Plaintiff Caraizaca at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek, as required by the FLSA and NYLL.

141.   Defendants have failed to compensate Plaintiff Caraizaca for his earned wages for his last three weeks of work.

142.   Defendants failed to furnish Plaintiff Caraizaca with accurate statements of wages, hours worked, rates paid and gross wages.

**Patricio Toalongo**

143.   Plaintiff Toalongo was employed by Defendants as a construction worker from October 27, 2016 through March 24, 2018, without interruption.

144.   Throughout his employment, Plaintiff Toalongo worked six days per week, from 7:00 a.m. to 3:30 p.m. Monday through Friday, and for approximately 6 hours on Saturdays, for a total of approximately 46 hours per week.

145.   Plaintiff Toalongo received one 30 minute break per day.

146.   At the start of his employment, Plaintiff Toalongo was paid $690 per week for all hours worked.

147.   Later, Plaintiff Toalongo received $828 per week for all hours worked.

148.     Defendants did not pay Plaintiff Toalongo the proper overtime wages for all of the time that he worked each workweek.

149.     Defendants were required to pay Plaintiff Toalongo at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek.

150.     Defendants have failed to compensate Plaintiff Toalongo at one and one-half times his regular hourly rate for all hours worked beyond 40 hours per workweek, as required by the FLSA and NYLL.

151.     Defendants have failed to compensate Plaintiff Toalongo for his earned wages for his last three weeks of work.

152.     Defendants failed to furnish Plaintiff Toalongo with accurate statements of wages, hours worked, rates paid and gross wages.

**Defendants' Violations of the Wage Theft Prevention Act**

153.     The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

154.     Throughout the relevant time period, Defendants paid Plaintiffs and the FLSA collective's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

155.     Plaintiffs and the FLSA collective were never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the

employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

### FIRST CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.
### <u>(Brought on Behalf of Plaintiffs and the FLSA Collective Plaintiffs</u>

156.    Plaintiffs, on behalf of themselves and the FLSA collective, re-allege and incorporate by reference all allegations in all preceding paragraphs.

157.    Throughout the relevant time period, Plaintiffs and the FLSA collective worked in excess of forty (40) hours per workweek.

158.    At all relevant times throughout their employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiffs and the FLSA collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiffs and the FLSA collective were entitled to receive overtime payments.

159.    At all relevant times throughout Plaintiffs' and the FLSA collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

160.    Defendants' decision not to pay overtime was willful.

161.    Plaintiffs and the FLSA collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime

violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law
### (Brought on Behalf of Plaintiffs)

162.  Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

163.  Defendants failed to pay Plaintiffs the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

164.  Defendants failed to pay Plaintiffs one and one-half times his regular hourly rate of pay for all work in excess of forty hours per workweek.

165.  Through their knowing or intentional failure to pay Plaintiffs overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

166.  Defendants' decision not to pay overtime was willful.

167.  Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
### (Brought on Behalf of Plaintiffs and the FLSA Collective Plaintiffs)

168.  Plaintiffs, on behalf of themselves and the FLSA collective, re-allege and incorporate by reference all allegations in all preceding paragraphs.

169.     Defendants willfully failed to supply Plaintiffs and the FLSA collective with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs in their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular payday designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

170.     Through their knowing or intentional failure to provide Plaintiffs and the FLSA collective with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations regulations.

171.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the FLSA collective are entitled to statutory penalties of fifty dollars per work day that Defendants failed to provide Plaintiffs with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law- Failure to Provide Wage Statements**
**(Brought on Behalf of Plaintiffs and the FLSA Collective Plaintiffs)**

172.     Plaintiff, on behalf of themselves and the FLSA collective, re-allege and incorporate by reference all allegations in all preceding paragraphs.

173.    Defendants have willfully failed to supply Plaintiffs and the FLSA collective with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

174.    Through their knowing or intentional failure to provide Plaintiffs and the FLSA collective with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations regulations.

175.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff sand the FLSA collective are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**FIFTH CAUSE OF ACTION**
**Unlawful Retaliation in Violation of the FLSA § 215(a)(3))**

176.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

177.    29 U.S.C. § 215(a)(3) makes it unlawful for an employer "to discharge or in any manner discriminate against any employee because such employee has filed any

22

complaint or instituted or caused to be instituted any proceedings under or related to this chapter [of the FLSA]."

178. Defendants violated the FLSA by terminating Plaintiffs' employment after they complained that they had not been paid.

179. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiffs have suffered, and continue to suffer monetary damages, including, but not limited to, a loss of income, including past salary and future salary.

180. As a direct and proximate consequence of the Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiffs have suffered, and continue to suffer non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

181. By the foregoing reasons, Plaintiffs seek equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**Unlawful Retaliation in Violation of NYLL § 215(1)(A)**

182. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

183. Pursuant to NYLL § 215(1)(a), "[n]o employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company shall discharge, penalize, or in any other manner discriminate or retaliate against any employee because

(i) because such employee has made a complaint to his or her employer…that the employer has violated any provision of this chapter…"

184.    Defendants violated the NYLL by terminating Plaintiffs' employment after they complained that they had not been paid.

185.    As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiffs have suffered, and continue to suffer monetary damages, including, but not limited to, a loss of income, including past salary and future salary.

186.    As a direct and proximate consequence of the Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiffs have suffered, and continue to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

187.    By the foregoing reasons, Plaintiffs seek equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION
### Failure to Pay Earned Wages in Violation of New York Labor Law

188.    Plaintiffs, re-allege and incorporate by reference all allegations in all preceding paragraphs.

189.    At all relevant times, Plaintiffs were "employees" within the meaning of the New York labor Law.  Similarly, at all relevant times, Defendants, including the individually named Defendants, were "employers" within the meaning of the New York Labor Law.

24

190.    Defendants failed to pay Plaintiffs their earned wages for the periods of time and in the manner as set forth above.

191.    Defendants' failure to pay Plaintiffs their earned wages was willful and not based on any good faith belief of compliance with New York Labor Law § 663, *et seq*.

192.    As a result of the foregoing, Plaintiffs have been denied wages required under New York Labor Law §§ 663 *et seq*., and are entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, Senator Construction Group, Inc., Haroon Contracting Inc. and Senator Construction Corporation, d/b/a Haroon Contracting Inc. and Senator Construction Group Inc. and Atiq Rehman and Muhammad Usman, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime wages due to Plaintiffs and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(c) Damages for the unpaid overtime wages due to Plaintiffs, in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(d) Unpaid earned wages in violation of NYLL § 663 *et seq.*;

(e) Penalties of fifty dollars for each work day that Defendants failed to provide Plaintiffs and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(f) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(g) For pre-judgment and post-judgment interest on the foregoing amounts;

(h) For his costs and disbursements of this action, including attorneys' fees; and

(i) For such other further and different relief as this Court deems just and proper.

Dated: March 29, 2018
New York, New York

Respectfully submitted,

*/s/ Jacob Aronauer*_____
Jacob Aronauer
**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 100017
(212) 323-6980
jaronauer@aronauerlaw.com
*Attorney for Plaintiffs*