**Law Offices of Jacob Aronauer**
225 Broadway, Suite 307
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

February 20, 2019

**Via ECF**
Hon. Edgardo Ramos
40 Foley Square
New York, New York 10007

Re:   Armijos et al. v. Senator Construction Group, Inc. et al.
      18-cv-02779 (ER)

Dear Hon. Ramos:

     This office represents Plaintiffs in the above captioned matter. I write to request a pre-motion conference pursuant to Local Rule 37.2 to make a motion for sanctions. We seek reasonable expenses, including attorney's fees and court report fees caused by Defendants' failure to appear for their rule 30(b)(6) deposition. We also seek attorney's fees with respect to the instant letter motion. For the reasons set forth in this pre-motion letter, sanctions are appropriate for Defendants as well as their attorney, M. Salman Ravala of Criscione Ravala LLP.

**Relevant Facts**

     This is a wage and hour lawsuit brought on behalf of nine separate Plaintiffs who worked for Defendants. Currently, there are at least two other wage and lawsuit pending against Defendants, who operate a construction businesses. The first lawsuit is *Encalada et al. v. Senator Construction Corporation et al.*, 18-cv-03727 (ER) (RWL). *Encalada* has been combined with this matter for discovery purposes. The third case is in the Eastern District of New York, *De La Torre Cepeda et al. v. Senator Construction Group Inc. et al.*, 18-cv-01045 (SJ) (JO). In these two cases Defendants are represented by Mr. Ravala.

     Defendants have treated discovery in this case as an optional activity. On December 7, 2018, this office sent Defendants paper discovery requests along with a Rule 30(b)(6) deposition notice. Defendants did not respond to the paper discovery requests. As a result, I had to make multiple follow ups with Mr. Ravala to ensure that Defendants responded to Plaintiffs' paper discovery demands.

Mr. Ravala and I agreed to have the Rule 30(b)(6) deposition on February 20, 2019. A copy of the letter Mr. Ravala confirming the deposition date is annexed hereto as Exhibit A. Over the past three days I have spent a significant amount of time preparing for the deposition as there are nine Plaintiffs.

Yesterday I also had to spend significant time e-mailing and calling Mr. Ravala to confirm today's deposition. I again called Mr. Ravala this morning to confirm. Copies of my e-mails to Mr. Ravala are annexed hereto as Exhibit B. In addition, when Mr. Ravala refused to respond to me, I resorted to calling Mr. Ravala's partner, Mr. Criscione. Mr. Criscione, though, could not explain why Mr. Ravala was not responding to me. Ultimately, I never received a response from Mr. Ravala—both before and after the scheduled deposition.

I find it unprofessional on the part of Mr. Ravala that he found time to file a motion to withdraw but couldn't spend the energy to write back to me seeking to adjourn the deposition. I recognize, as Mr. Ravala has filed a motion to withdraw, that sometimes lawyers have difficult clients. That is no excuse, though, for Mr. Ravala to "ghost" (ignore) this office.

Today the stenographer arrived at my office for the deposition (I will timely provide the Court with a copy of the deposition transcript as soon as it is received by this office). As stated earlier, Defendants did not attend the scheduled deposition. As a result, I sent the stenographer home at approximately 10:15 am. At 11 am Atique Rehman, the owner of Senator Construction, and his manager Atif Rafiq arrived at my office. They informed me that last night they were told by their lawyer to go to my office at 11 am to discuss settlement with this office. They further informed me that Mr. Ravala was no longer representing them and that they were going to obtain new lawyers. This was the first time my office had been apprised of these developments.

Rule 37 provides the Court to power sanctions when a party fails to appear for that deposition. Pursuant to this Rule, a court may award a variety of sanctions but "must" require the recalcitrant party or its attorneys or both "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Furthermore, "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

Defendants did not file a motion for a protective order. Moreover, "it is well established...that a party applying for sanctions under Rule 37(b) is not required to prove that the party who failed to attend the deposition acted in bad faith." *John Wiley & Sons, inc. v Book Dog Books, LLC*, 2014 U.S. Dist. LEXIS 358543, at **12 (S.D.N.Y. Mar. 18, 20154) (Gorenstein, J.) (*citing Blauinsel Stifung v. Sumitomo Corp.*, 2001) ("[A] finding of bad faith is not a prerequisite to the imposition of sanctions under Rule 37(d).")). Rather, it is sufficient here that Plaintiffs have shown that Defendants improperly refused to appear for their deposition and caused Plaintiffs to incur unnecessary expenses.

Accordingly, Plaintiffs are entitled to an award of reasonable expenses, including attorney's fees and court report fees, caused by Defendants' failure to attend their Rule 30(b)(6) deposition.

Plaintiffs are also "entitled to be compensated for their fees in making the instant motion." Id. at **18-19 (awarding attorney's fees for the time spent drafting a motion for sanctions) (*citing Sterling Promotional Corp. v. Gen. Acc. Ins. Co. of N.Y.*, 212 F.R.D. 464, 470 (S.D.N.Y. 2003) (when plaintiff failed to attend his deposition, defendants were awarded attorney's fees for attorney's time spent responding to plaintiff's improper discovery conduct); *Creative Res. Grp. of N.Y., Inc. v. Creative Res. Grp., Inc.*, 212 F.R.D. 94, 104 (E.D.N.Y. 2002) ("[T]he court finds that the plaintiff is entitled to fees and costs related to the motions to compel and the motions for sanctions.").

Respectfully,

*/s Jacob Aronauer*
Jacob Aronauer
*Attorney for Plaintiffs*

3

# EXHIBIT A





MAILING ADDRESS: 250 PARK AVENUE | 7TH FLOOR | NEW YORK, NEW YORK 10177
2001 ROUTE 46 | SUITE 310 | PARSIPPANY, NEW JERSEY 07054 ("BY APPOINTMENT ONLY")
110 EAST BROWARD BOULEVARD| SUITE 1700 | FT. LAUDERDALE, FLORIDA 33301 ("BY APPOINTMENT ONLY")
TELEPHONE (800) 583-1780 | FACSIMILE (800) 583-1787

M. SALMAN RAVALA, ESQ.♦
♦ LICENSED IN NEW YORK
DIRECT: 1.212.920.7142 x. 502 | SRAVALA@LAWCRT.COM

January 29, 2019

*Via Electronic Mail*
Jacob Aronauer, Esq.
Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007

    **Re:**    *Armijos et. al. v. Senator Construction Group, Inc. et. al.*
    **Case #:**  1:18-CV-02779-ER

Dear Mr. Aronauer:

    We are in receipt of your Notice of Deposition pursuant to Federal Rule of Civil Procedure 30 (b)(6). All corporate defendants designate Mr. Muhammad Usman as their corporate representative to testify to the topics outlined in your Notice of Deposition.

    I look forward to seeing you at the deposition on February 20, 2019. As always, please feel free to contact me if you have any questions or would like to discuss.

    Thank you,

    */s/ M. Salman Ravala*
    M. Salman Ravala, Esq.
    Criscione Ravala, LLP

# EXHIBIT B



Jacob Aronauer <jaronauer@aronauerlaw.com>

# Armijos v. Senator, 18 cv 2779 ER

**Jacob Aronauer** <jaronauer@aronauerlaw.com>  Tue, Feb 19, 2019 at 11:28 AM
To: "M. Salman Ravala, Esq." <sravala@lawcrt.com>

I'm really really really trying to get in touch with you.


Jacob Aronauer, Esq.
The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(P) (212) 323-6980
(F) (212) 233-9238

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s).  Any review, use, distribution or disclosure by others is strictly prohibited.  If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, please send an email
to jaronauer@aronauerlaw.com.

The Law Office of Jacob Aronauer


On Tue, Nov 6, 2018 at 4:05 PM M. Salman Ravala, Esq. <sravala@lawcrt.com> wrote:
[Quoted text hidden]



Jacob Aronauer <jaronauer@aronauerlaw.com>

# Armijos v. Senator, 18 cv 2779 ER

**Jacob Aronauer** <jaronauer@aronauerlaw.com>    Tue, Feb 19, 2019 at 1:10 PM
To: "M. Salman Ravala, Esq." <sravala@lawcrt.com>

I reached my limit.

I am calling the Court at 3 if I don't hear back from you.


Jacob Aronauer, Esq.
The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(P) (212) 323-6980
(F) (212) 233-9238

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s).  Any review, use, distribution or disclosure by others is strictly prohibited.  If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, please send an email to jaronauer@aronauerlaw.com.

The Law Office of Jacob Aronauer

[Quoted text hidden]



Jacob Aronauer <jaronauer@aronauerlaw.com>

# Armijos v. Senator, 18 cv 2779 ER

**Jacob Aronauer** <jaronauer@aronauerlaw.com>  
To: "M. Salman Ravala, Esq." <sravala@lawcrt.com>

Tue, Feb 19, 2019 at 3:10 PM

I am not calling the Court.

I will see you tomorrow.

The lack of professionalism is staggering,

Jacob Aronauer, Esq.  
The Law Offices of Jacob Aronauer  
225 Broadway, 3rd Floor  
New York, New York 10007  
(P) (212) 323-6980  
(F) (212) 233-9238

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s).  Any review, use, distribution or disclosure by others is strictly prohibited.  If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, please send an email to jaronauer@aronauerlaw.com.

The Law Office of Jacob Aronauer

[Quoted text hidden]



Jacob Aronauer <jaronauer@aronauerlaw.com>

## Armijos v. Senator, 18 cv 2779 ER

**Jacob Aronauer** <jaronauer@aronauerlaw.com>  
To: "M. Salman Ravala, Esq." <sravala@lawcrt.com>

Tue, Feb 19, 2019 at 7:22 PM

Again, it is really really rude that you have not responded.

Jacob Aronauer, Esq.
The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(P) (212) 323-6980
(F) (212) 233-9238

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s).  Any review, use, distribution or disclosure by others is strictly prohibited.  If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, please send an email to jaronauer@aronauerlaw.com.

The Law Office of Jacob Aronauer

[Quoted text hidden]



# Armijos
1 message

**Jacob Aronauer** <jaronauer@aronauerlaw.com>   Wed, Feb 20, 2019 at 9:21 AM
To: "M. Salman Ravala, Esq." <sravala@lawcrt.com>

Once again I am trying to get in touch with you. The deposition is set for 10

Jacob Aronauer, Esq.
The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(P) (212) 323-6980
(F) (212) 233-9238

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, please send an email to jaronauer@aronauerlaw.com.

The Law Office of Jacob Aronauer