The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

January 21, 2020

**Via ECF**
Hon. Robert W. Lehrburger
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *Armijos et al. v. Senator Construction Group, Inc. et al.*
      18-cv-02779 (RWL)

Dear Hon. Lehrburger:

  This office represents Plaintiffs in the above captioned matter. Consistent with Your Honor's individual rules, Plaintiff seeks permission to re-open the case and enter a judgment by confession against Defendants Senator Construction Group, Inc., Senator Construction Corporation, Haroon Contracting Inc. and Atique Rehman and Muhammad Usman, individually (collectively "Defendants"). The judgment of confession should be for $115,624.98--1.5 times the amount of the outstanding balance of $77,083.32.

  Defendants, only after I sought a judgment from the Court, made the first payment. The second payment was due on January 7, 2020. Defendants failed to make the second payment as set forth under the terms of the settlement agreement. Defendants' counsel, via e-mail, admitted to receiving notice by mail. Defendants have known that they have failed to make the second payment since at least January 10, 2020. Annexed as Exhibit A is an e-mail from Defendants' counsel acknowledging notice via e-mail that they had failed to make the requisite payment. Defendants' counsel further acknowledged via e-mail that they received service of failure to make the requisite payment via certified mail. That e-mail is also annexed as Exhibit A.

  The settlement agreement called for Defendants to make the payment within 7 days after receipt by certified mail of the failure to make payment. As more than 7 days have passed, it is respectfully submitted than a judgment should be entered against Defendants.

  While judgment by confession is a product of state law, "a federal court has the power and authority to enter a judgment pursuant to a confession of judgment as long as subject-matter jurisdiction exists and the confession of judgment was voluntarily, knowingly and intelligently made." *Zerox Corp. v. W. Coast Litho*, 251 F. Supp.3d 534,

537-38 (W.D.N.Y. Apr. 25, 2017) (*string cite omitted*). "New York law permits that a "judgment by confession may be entered, without an action, either for money due or to become due, or to secure the plaintiff against a contingent liability on behalf of the defendant, or both, upon an affidavit executed by the defendant." Id.

Respectfully,

*/s Jacob Aronauer*
Jacob Aronauer
*Attorney for Plaintiffs*

**Via ECF**
*All attorneys on record*

# EXHIBIT A



Jacob Aronauer <jaronauer@aronauerlaw.com>

## Amendment in Armijos Matter, 18-cv-02779

**Marwan Sehwail** <msehwail@muchmorelaw.com>     Fri, Jan 10, 2020 at 5:33 PM
To: Usman Ghumman <usman@senatorconstruction.com>
Cc: Jacob Aronauer <jaronauer@aronauerlaw.com>, "M. Salman Ravala, Esq." <sravala@lawcrt.com>, Katheryn Filgate <kfilgate@aronauerlaw.com>, Karin Weston <kweston@aronauerlaw.com>

I just wanted to note that we are not under any circumstances accepting the electronic copy of your notice to cure as proper notice under the Settlement Agreement. Have a good weekend.
[Quoted text hidden]



Jacob Aronauer <jaronauer@aronauerlaw.com>

## Amendment in Armijos Matter, 18-cv-02779

**Marwan Sehwail** <msehwail@muchmorelaw.com>  Tue, Jan 14, 2020 at 12:20 PM
To: Jacob Aronauer <jaronauer@aronauerlaw.com>
Cc: Katheryn Filgate <kfilgate@aronauerlaw.com>, Karin Weston <kweston@aronauerlaw.com>

Jacob,

I wanted to let you know that I received your notice of default by certified mail yesterday, but it does not appear to have been sent with a request for a return receipt. Do you know if a return receipt was requested?

Thanks,

Marwan
[Quoted text hidden]

--
Marwan Sehwail, Esq.
Muchmore & Associates PLLC
217 Havemeyer Street, 4th Floor
Brooklyn, New York 11211
(917) 932-0299